UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 3, 2013

LETTER TO COUNSEL:

    RE:    *Robert Fisher v. Commissioner, Social Security Administration*;
              Civil No. SAG-10-601

Dear Counsel:

On March 10, 2010, the Plaintiff, Robert Fisher ("Mr. Fisher"), petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits and Supplemental Security Income Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF Nos. 19, 26. I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Fisher filed his claim on January 11, 2008, alleging disability beginning on December 24, 2004. (Tr. 8). His claim was denied initially on April 18, 2008, and on reconsideration on August 28, 2008. (Tr. 48-52, 55-58). A hearing was held on May 7, 2009 before an Administrative Law Judge ("ALJ"). (Tr. 16-43). Following the hearing, on July 1, 2009, the ALJ determined that Mr. Fisher was not disabled during the relevant time frame. (Tr. 8-15). The Appeals Council denied Mr. Fisher's request for review (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Fisher suffered from the severe impairments of degenerative disc disease and status-post cervical fusion C5 through C7. (Tr. 10). Despite these impairments, the ALJ determined that Mr. Fisher retained the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that the claimant must be able to alternate standing and sitting during an eight-hour workday with standing for five to ten minutes and sitting for thirty minutes. He is not able to perform any prolonged climbing, balancing, or stooping which is defined as no more than once or twice an hour and he cannot do any stair climbing or climb on ladders, ropes, and scaffolds. The claimant is to avoid heights, hazardous machinery, and temperature/humidity extremes. He is

*Robert Fisher v. Commissioner, Social Security Administration*
Civil No. SAG-10-601
January 3, 2013
Page 2

> limited to low stress work requiring low concentration and memory due to his pain.

(Tr. 11).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Fisher could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 14-15).

Mr. Fisher presents three arguments on appeal: (1) that the ALJ failed to follow the proper procedure for analyzing mental impairments; (2) that the ALJ erroneously assessed Mr. Fisher's RFC; and (3) that the ALJ's adverse credibility finding was erroneous.  Each argument lacks merit.

First, Mr. Fisher submits that the ALJ failed to follow the Psychiatric Review Technique when analyzing Mr. Fisher's depression.  When evaluating the severity of mental impairments pursuant to 20 C.F.R. § 404.1520a(a) and § 404.1520a(d), "a special procedure must be followed by the Commissioner at each level of administrative review, such procedure including the submission of a PRTF."  *Baker v. Chater*, 957 F. Supp. 75, 79 (D. Md. 1996).  "The ALJ, however, is only required to evaluate impairments for which there is ample evidence in the record to support a determination that the claimant's impairments meet[] or equal[] one of the listed impairments."  *McCall v. Astrue*, Civil No. JKS-08-2758, 2011 WL 2470101, at *2 (D. Md. June 17, 2011) (internal quotations omitted); *see Baker*, 957 F. Supp. at 79.  Here, the only medical evidence advanced by Mr. Fisher regarding his depression is one sentence from his treating physician,[1] stating that "[a]t present, the pain seems to be debilitating and he is on Xanax, Tylenol #3, and was started on Lexapro, as he was getting depressed from the chronic pain."  (Tr. 316).  Much like *McCall*, there is no additional medical evidence of depression, and there was no mention of depression by Mr. Fisher at his hearing.  *See McCall*, 2011 WL 2470101, at *2; (Tr. 17-43).  As a result, the ALJ was not required to evaluate Mr. Fisher's depression, and did not err by failing to follow the Psychiatric Review Technique.

Mr. Fisher next argues that the ALJ erroneously assessed his RFC by failing to provide a sufficient narrative discussion, and by failing to include certain alleged impairments in his RFC determination.  Mr. Fisher contends that the ALJ's failure to describe how the evidence supported each conclusion made it "impossible to determine what medical evidence the [ALJ] relied upon."  Pl.'s Mot. 10.  However, the ALJ discussed the relevant medical evidence, and drew his conclusions based on this evidence. (Tr. 11-13).  The ALJ discussed the reports from Dr. Monteleone, Dr. Bose, and Dr. Devotta, indicated that he reviewed the State Agency reports of Drs. Albright and Hakkarinen, and considered Mr. Fisher's testimony.  (Tr. 11-13).  The ALJ

---

[1] Mr. Fisher notes that he has repeatedly complained of depression.  A claimant's own statements about their impairments will not suffice, as mental impairments must be established through medical evidence.  *Byrd v. Apfel*, 168 F.3d 481, 1998 WL 911718, at *3 (4th Cir. Dec. 31, 1998).  The ALJ also found that Mr. Fisher's statements regarding his symptoms were not credible.  (Tr. 13).

then found that Mr. Fisher "has no neurological deficits and his physical examinations revealed minimal findings[,]" and found that Mr. Fisher's testimony was not credible. (Tr. 13). The ALJ also noted his acceptance of the State Agency reports of Drs. Albright and Hakkarinen. (Tr. 13). Accordingly, the ALJ set forth a sufficient narrative discussion. *See Brubaker v. Astrue*, Civil No. 3:12-cv-423-REP, 2012 WL 6493606, at * 9 (E.D. Va. Nov. 21, 2012) (holding that the ALJ's narrative discussion was sufficient where the ALJ summarized the claimant's medical history and statements, and explained why the claimant's statements were not credible).

Mr. Fisher also argues that the ALJ failed to include Mr. Fisher's neck impairment, headaches, back pain, and depression in the RFC determination. However, the ALJ thoroughly discussed the medical evidence relating to Mr. Fisher's alleged neck impairment, headaches, and back pain. (Tr. 11-13). The ALJ found that Mr. Fisher must be able to alternate standing and sitting, "standing for five to ten minutes and sitting for thirty minutes." (Tr. 11). Dr. Hakkarinen, whose opinion was accepted by the ALJ, noted that Mr. Fisher "[m]ust constantly change positions due to pain." (Tr. 326). The ALJ also limited Mr. Fisher's RFC to "low stress work requiring low concentration and memory *due to his pain*." (Tr. 11) (emphasis added). Additionally, as described above, the record contains insufficient medical evidence of depression. Accordingly, the ALJ accounted for Mr. Fisher's pain resulting from his neck impairment, headaches, and back pain, and did not err by failing to include Mr. Fisher's alleged depression in his RFC determination.

Third, Mr. Fisher contests the ALJ's adverse credibility finding. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints. *Chater*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ followed that process in this case. He determined that Mr. Fisher's "medically determinable impairment could reasonably be expected to cause the alleged symptoms." (Tr. 13). However, he did not find Mr. Fisher's testimony as to the intensity, persistence, and limiting effects of his symptoms to be credible. *Id.*

In his credibility analysis, the ALJ provided a summary of Mr. Fisher's hearing testimony. (Tr. 12-13). He continued by highlighting inconsistencies between the medical evidence and Mr. Fisher's testimony. Specifically, the ALJ noted that Mr. Fisher's complaint of breathing difficulty is absent from the record. (Tr. 13). The ALJ also noted that Mr. Fisher's complaints about arm pain were inconsistent with the evidence because he told Dr. Bose that his arms were "doing better" and "working fine," and his muscle strength was normal on examination. (Tr. 13, 295, 296). The ALJ could properly conclude, from these inconsistencies, that Mr. Fisher's symptoms are not as intense, persistent, or as severely limiting as Mr. Fisher claims.

*Robert Fisher v. Commissioner, Social Security Administration*
Civil No. SAG-10-601
January 3, 2013
Page 4

The ALJ also found that Mr. Fisher's testimony was inconsistent because Mr. Fisher claimed that he could not sleep at night due to back pain, but had no trouble sleeping during the day. (Tr. 13). Mr. Fisher contends that the ALJ misread Mr. Fisher's testimony. At his hearing, Mr. Fisher testified that he had difficulty sleeping, and was only able to sleep at night for a half hour or hour at a time due to back pain. (Tr. 26). He also testified that he tries to sleep during the day because he does not get much sleep at night, but that it is "the same in the day, I toss and turn." (Tr. 27-28). Mr. Fisher then testified that he frequently naps, and often falls asleep involuntarily. (Tr. 28). Certainly, Mr. Fisher did not expressly state that he had no difficulty sleeping during the day. However, even if the ALJ's interpretation of Mr. Fisher's testimony was incorrect, this error was harmless because the additional inconsistencies in Mr. Fisher's testimony are sufficient to support a finding that his complaints are not wholly credible.

Mr. Fisher also argues that the ALJ failed to consider the appropriate factors in his evaluation of credibility. The ALJ, as required by SSR 96-7p, discussed Mr. Fisher's daily activities, symptoms, medication, and treatment record. (Tr. 12-13). The analysis provided by the ALJ provides substantial evidence to support his credibility conclusion.

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF No. 19, will be DENIED and the Commissioner's motion for summary judgment, ECF No. 26, will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge